UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN SOUTHERN INSURANCE CO., | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-06-2733 |
| | § | |
| EUGENE GERALD, a/k/a JERRY GERALD d/b/a BEST INVESTMENTS, | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 4, should be and hereby is **GRANTED IN PART, DENIED IN PART.**

This case stems from a commercial general liability insurance policy issued by Plaintiff to Defendant, who has a business installing siding, doors, and other home fixtures. Plaintiff alleges that Defendant made misrepresentations regarding his use of subcontractors in order to obtain the policy, including statements that 1) only a small percentage of his work was subcontracted out, and 2) he required his subcontractors to provide a certificate of insurance. According to Plaintiff, it specifically advised Defendant that it would not provide coverage for uninsured subcontractors, and that subcontractors were required to have policies with limits equal to or greater than the limits requested by Defendant in his application.

On June 11, 2006, a fire destroyed a property and damaged adjoining homes and properties in Huntsville, Texas. Two insurance companies have made claims against

1

Defendant, alleging that the fire was related to possible problems associated with Defendant's installation of siding on the destroyed property. After investigating the incident, Plaintiff believes that Defendant subcontracted out all of the work on the home in question, and that the subcontractors on the project neither had insurance, nor provided Defendant with certificates of insurance. Plaintiff's Complaint seeks rescission of the policy it issued to Defendant, as well as (under the Texas Declaratory Judgment Act) a declaration that the June 11 incident is excluded from coverage, a declaration that it has no duty to defend or indemnify Defendant, and attorney's fees.

Defendant has asserted a counterclaim, also seeking a declaration under the Texas Declaratory Judgment Act "that there exists 1) a duty by Plaintiff to defend him in any suit that is brought arising out of a fire that occurred on or about June 11, 2006, and 2) that Plaintiff has to cover or indemnify him for any loss resulting from the incident that occurred on or about June 11, 2006 to the extent of the policy limits of the insurance contract." Defendant also seeks attorney's fees under the same Act.

Plaintiff moves to dismiss Defendant's counterclaim under Federal Rule of Civil Procedure 12(b)(6), on the ground that the counterclaim seeks relief that is exactly congruent with the relief being pursued by Plaintiff. In other words, the sole purpose of the counterclaim is to adjudicate matters that are already pending before the Court. The Court agrees with Plaintiff that "the Declaratory Judgment Act is not available to settle disputes already pending before a court." *John Chezik Buick Co. v. Friendly Chevrolet Co.*, 749 S.W.2d 591, 594 (Tex. App. 1988). Therefore, to the extent that Defendant's counterclaim asks for a declaration that Plaintiff had duties to defend and indemnify him

for the June 11, 2006 incident, the counterclaim should be and hereby is **DISMISSED WITH PREJUDICE**.

The Court acknowledges that some state law authority would support a ruling that Defendant's claim for attorney's fees should also be dismissed.  *E.g.*, *HECI Exploration Co. v. Clajon Gas Co.*, 843 S.W.2d 622, 639-40 (Tex. App. 1992) (quoting *John Chezik Buick* in holding that lower court's award of fees under the Declaratory Judgment Act was unauthorized because "the harm sued upon was a one time occurrence that is fully covered by [HECI's] original suit").  However, the Court is reluctant to foreclose any claim for fees, whether made by Plaintiff or Defendant, at this stage in the litigation.  Nothing in the Declaratory Judgment Act "would limit the award of attorney's fees only to the first, and perhaps only, party to invoke the Declaratory Judgment Act."  *First City Nat'l Bank v. Concord Oil Co.*, 808 S.W.2d 133, 138 (Tex. App. 1991); *see also Falls County v. Perkins & Cullum*, 798 S.W.2d 868, 871 (1990); TEX. CIV. PRAC. & REM. CODE § 37.009 (Vernon 2006).  Therefore, to the extent that it seeks dismissal of Defendant's request for attorney's fees, Plaintiff's Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 30th day of March, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**