## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **AMERICAN SOUTHERN INSURANCE CO.,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. H-06-2733** |
| | § | |
| **EUGENE GERALD, a/k/a JERRY** | § | |
| **GERALD d/b/a BEST INVESTMENTS,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff American Southern Insurance Company's Motion for Summary Judgment.  After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 12, should be and hereby is **GRANTED IN PART, DENIED IN PART.**

## I.  BACKGROUND

A short summary of relevant background facts is set forth in the Court's Memorandum and Order of March 30, 2007 (Docket No. 11).  In that Order, the Court dismissed Defendant's counterclaim to the extent that it sought relief exactly congruent with Plaintiff's claim for declaratory judgment.  Plaintiff now moves for summary judgment on all of its claims, or, in the alternative, partial summary judgment on the issue of coverage.

## II.  ANALYSIS

### A.  Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a

matter of law based on the evidence thus far presented.  FED. R. CIV. P. 56(c).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted).  A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party.  *Crawford v. Formosa Plastics Corp*., 234 F.3d 899, 902 (5th Cir. 2000).  The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  *Id.*

### B.  Plaintiff's Claims

Plaintiff moves for summary judgment or, in the alternative, partial summary judgment, based on the relevant insurance policy, Defendant's application for insurance, Defendant's January 30, 2007 deposition, and an affidavit submitted by Plaintiff.  Defendant has not responded to Plaintiff's motion, or otherwise disputed any of the summary judgment evidence.  Upon reviewing Plaintiff's submissions, the Court agrees that the policy at issue does *not* cover any claims arising from the June 11, 2006 fire at the Kelly Home.  Therefore, the Court grants summary judgment to Plaintiff on its claim for a declaratory judgment that: 1) Plaintiff has no obligation to cover any loss associated with work performed by Defendant at the Kelly Home, and 2) Plaintiff has no duty to defend or indemnify Defendant from any claims arising from the June 11 fire.

The Court denies summary judgment, however, to Plaintiff on its claim that the policy it issued to Defendant should be rescinded.  "Rescission of a contract is available as an alternative to damages in cases in which one contracting party is induced to contract

by the fraud of the other." *Boulle v. Boulle*, 160 S.W.3d 167, 176 (Tex. App. 2005).  In Texas, a party alleging fraud must prove that 1) a party has made a material misrepresentation, 2) the misrepresentation was made with knowledge of its falsity or recklessly without any knowledge of the truth as a positive assertion, 3) the misrepresentation was made with the intention that it should be acted upon by the other party, and 4) the other party justifiably relies on the misrepresentation and thereby suffers injury. *E.g.*, *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).  In the Court's view, Plaintiff has introduced insufficient evidence to satisfy the second prong of the fraud test: namely, that Defendant made certain misrepresentations on his application for insurance with knowledge of their falsity or recklessly without any knowledge of the truth as a positive assertion.  Therefore, Plaintiff is not entitled to rescission of the policy based on Defendant's alleged misrepresentations.  Within seven days of entry of this Order, Plaintiff must notify the Court whether it intends to pursue the claim for rescission at trial, or whether the claim will be voluntarily withdrawn.

Finally, Plaintiff requests attorney's fees under the Texas Declaratory Judgment Act, under which a court "may award costs and reasonable and necessary attorney's fees as are equitable and just."  TEX. CIV. PRAC. & REM. CODE § 37.009 (Vernon 2006).  In this case, the Court determines that Plaintiff is entitled to its reasonable costs of litigation, but that each side shall bear its own fees.  Plaintiff is directed to submit a Bill of Costs to Defendant, and to confer on an amount before seeking the Court's intervention.

## III.  CONCLUSION

Plaintiff's Motion for Summary Judgment is **GRANTED IN PART, DENIED IN PART.**  The Court grants a declaratory judgment to Plaintiff that the insurance policy

at issue does not cover any losses arising from the Kelly Home fire, and that Plaintiff is not obligated to defend or indemnify Defendant from claims arising from that incident. The Court denies summary judgment to Plaintiff on its claim for rescission of the policy. Defendant is ordered to pay Plaintiff's reasonable costs of litigation, after the parties have conferred on a Bill of Costs.  Each side shall bear its own fees.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 14th day of August, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**